IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ALEXANDER KRAMER,

Plaintiff,

Case No. 3:25-cv-275

vs.

RUST-OLEUM CORPORATION,

Defendant.

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER DENYING PLAINTIFFS MOTION FOR RECONSIDERATION (Doc. No. 31)**

---

This civil case, premised on diversity jurisdiction, previously before District Judge Walter H. Rice, is now before the Court following reassignment. Doc. No. 32. Plaintiff is an Ohio citizen and homeowner. Doc. No. 1 at PageID 1. Defendant is a Delaware corporation in the business of manufacturing home surface preparation products. *Id.* According to the complaint, Plaintiff purchased Defendant's Varathan Wood Stain (the "Product") in July 2024 for use on the floors in his home. *Id.* at PageID 2. On or about July 25, 2024, after Plaintiff applied the Product to his upstairs floors, he placed the application materials saturated with the Product in a plastic bag behind his home. *Id.* at PageID 2–3. The following morning, those materials spontaneously combusted, causing a fire that damaged Plaintiff's home and personal property. *Id.* at PageID 3.

Plaintiff filed his complaint on August 15, 2025, bringing two claims under the Ohio Products Liability Act, O.R.C. § 2307.71, *et seq*. *Id.* at PageID 3–6. Plaintiff alleges: (1) Defendant defectively designed its product in violation of O.R.C. § 2307.75; and (2) Defendant failed to warn him of the defect in violation of O.R.C. § 2307.76. *Id.* Defendant filed a motion to dismiss the failure-to-warn claim. Doc. No. 10. Judge Rice, concluding that Plaintiff's failure-to-

warn claim is preempted by the Federal Hazardous Substances Act ("FHSA"), 15 U.S.C. § 1261 *et seq.* granted Defendant's motion. *See* Doc. No. 30.

Plaintiff filed a motion for reconsideration of Judge Rice's Order pursuant to Federal Rule of Civil Procedure 54(b). Doc. No. 31. He contends that it was clear error to conclude that the failure-to-warn claim is preempted by FHSA. *Id.* at PageID 602–03. Defendant filed a memorandum in opposition. Doc. No. 34. Plaintiff did not file a reply, and the time for doing so has passed. This motion is now ripe for review. For the following reasons, the Court **DENIES** Plaintiff's motion for reconsideration.

## I. BACKGROUND

In dismissing Plaintiff's failure-to-warn claim, Judge Rice made several findings. *See* Doc. No. 30. First, Judge Rice noted that both parties agreed the Product is a "hazardous substance" governed by FHSA. *Id.* at PageID 593. Defendant was therefore required to label its product in accordance with the requirements imposed by FHSA. *Id.* (citing *Rees v. W.M. Barr & Co.*, No. 17-4159, 2018 WL 2473003, at *4 (6th Cir. June 4, 2018)). Among Defendant's obligations was a duty to label its product with a list of principal hazards. *Id.* at PageID 593 (citing 15 U.S.C. § 1261(p)(1)). These principal hazards include products that are at risk of being "flammable or combustible." *Id.* (citing 15 U.S.C. § 1261(f)(1)(A)(v)). FHSA does not include a separate category of principal hazards for products that are at risk of being "spontaneously combustible." *See id.* at PageID 594.

Second, Judge Rice concluded that Congress "preempt[ed] state claims seeking to impose labeling requirements different from those in the FHSA and regulations pursuant to it." *Id.* at PageID 593 (citing *Rees*, 2018 WL 2473003, at *4). However, Judge Rice also concluded that those state claims, like Plaintiff's, are only preempted by FHSA if they are "designed to protect

against the same risk of illness or injury" as FHSA. *Id.* at PageID 593–94 (citing 15 U.S.C. § 1261, note (b)(1)(A)).

Ultimately, Judge Rice concluded that Congress created a category of principal hazards ("flammability and combustibility") to adequately protect consumers from the risk of fire. *Id.* at PageID 600. He further determined that Plaintiff's state law failure-to-warn claim, alleging Defendant failed to warn him of its product's risk of "spontaneous combustion," was also meant to protect consumers from the risk of fire. *Id.* Consequently, Judge Rice dismissed count two of Plaintiff's complaint.

## II. LEGAL STANDARDS

### A. Motions to Reconsider Interlocutory Orders under Fed. R. Civ. P. 54(b)

Interlocutory orders are subject to revision at any time before entry of final judgment. *See* Fed. R. Civ. P. 54(b); *see also Dupree v. Younger*, 598 U.S. 729, 734 (2023) (observing that an interlocutory order is a temporary order issued by a court that addresses a specific issue arising during litigation, not a final judgment or disposition of a case). "The Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, No. 02-5601, 2004 WL 237651, at *8 (6th Cir. Feb. 6, 2004). However, the Sixth Circuit has determined that Fed. R. Civ. P. 54(b) is the proper procedural vehicle for bringing motions to reconsider these orders. *Id.* (citation omitted). Courts have the inherent authority "both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment," and may grant relief "as justice requires." *Id.* (citation omitted). A court may reconsider its interlocutory order where there is: (1) an intervening change of controlling law; (2) newly available evidence; or (3) a need to correct a clear error or prevent manifest injustice. *Id.* (citation omitted).

The Sixth Circuit has not yet defined "clear error" in the context of motions to reconsider interlocutory orders under Fed. R. Civ. P. 54(b). However, when addressing motions to reconsider final judgments under Rule 59(e), other courts in this district have suggested that a "high standard applies." *Forman v. Meridian Bioscience, Inc.*, 387 F.Supp.3d 791, 796 (S.D. Ohio 2019); *see also Lonardo v. Travelers Indem. Co.*, 706 F.Supp.2d 766, 809 (N.D. Ohio 2010) (observing that a judgment must be "dead wrong" to constitute a clear error under Rule 59(e) (citation omitted)). Accordingly, this Court follows the approach of its sister courts, applying that same standard to determine whether it made a clear error in granting Defendant's partial motion to dismiss.

### B. Preemption

"When state and federal laws clash, federal law reigns supreme and state law is preempted." *McDaniel v. Upsher-Smith Lab'ys, Inc.*, 893 F.3d 941, 944 (6th Cir. 2018) (citation omitted). Congress may expressly preempt the application of state law through "explicit statutory language" *e.g.*, an express preemption clause. *English v. Gen. Elec. Co.*, 496 U.S. 72, 79 (1990). In determining the scope of an express preemption clause, "the purpose of Congress is the ultimate touchstone." *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996) (citations omitted). Courts must consider the clause's text, Congress's intent, and the statute's surrounding regulatory scheme. *Id.* at 486. Notably, when a federal statute contains an express preemption clause, a court need not apply any presumption against preemption. *Puerto Rico v. Franklin Cal. Tax-Free Tr.*, 579 U.S. 115, 125 (2016).

## III. DISCUSSION

Plaintiff contends that Judge Rice made a clear error when he held that count two of the complaint is preempted by FHSA and dismissed it accordingly. Doc. No. 31 at PageID 604. Plaintiff makes several arguments in support of his contention. First, he submits that the Court

ignored the Supreme Court's instruction to construe express preemption clauses narrowly and against the displacement of state law. *Id.* at PageID 607 (citing *Altria Grp., Inc. v. Good*, 555 U.S. 70, 77 (2008)). Second, he argues that because violations of the Ohio Products Liability Act are at issue, there is a heightened presumption against preemption of count two of his complaint. *Id.* at PageID 608 (citing *Fenner v. Gen. Motors, LLC*, 113 F.4th 585, 594 (6th Cir. 2024)). Finally, he contends that the Court misinterpreted FHSA when it determined that the risk of "spontaneous combustion" is not a unique category of principal hazard(s) under the statute—and one that required a separate warning under the Ohio Products Liability Act. *Id.* at PageID 609–10. The Court has considered these arguments carefully.

Judge Rice's Order does not contain a clear error of law. Contrary to Plaintiff's assertion, the Court construed FHSA's preemption clause narrowly. *See* Doc. No. 30 at PageID 594 (rejecting Defendant's argument that FHSA preempts all failure to label claims under state law). In fact, the Court explicitly acknowledged that "the FHSA's preemption clause is . . . narrow" and observed that "Congress intended to permit state law labeling requirements to coexist with FHSA-mandated labels, so long as the state obligations did not infringe upon the hazards outlined under the FHSA." *Id.* at PageID 595. Nevertheless, when interpreting FHSA's preemption clause, the Court complied with the Supreme Court's instruction in *Medtronic*, 518 U.S. at 486, evaluating the clause's plain text, Congress's intent, and the surrounding statutory scheme. *See* Doc. No. 30 at PageID 599–600.

Additionally, although the Court did not apply a presumption against preemption in its analysis, it need not do so where, as here, a federal statute expressly preempts the application of state law. *Franklin*, 579 U.S. at 125. Plaintiff argues that the Sixth Circuit "confronted *Franklin* and continued to apply the presumption against preemption . . ., treating it as fully operative for

consumer-protection and products claims." Doc. No. 31 at PageID 611 (citing *Fenner*, 113 F.4th at 594). However, this is not so—*Fenner* does not once confront, let alone cite, *Franklin*. Accordingly, the Court correctly adhered to binding Supreme Court precedent instructing it not to apply a presumption against preemption where a federal statute expressly preempts the application of state law. *Franklin*, 579 U.S. at 125.

Finally, Plaintiff offers an alternative reading of FHSA which does not preempt count two of his complaint. Namely, he argues that "spontaneous combustibility" is a unique principal hazard under FHSA, different from "flammability and combustibility" which presents a separate risk of injury other than the risk of fire. Doc. No. 31 at PageID 609–10. The Court already considered Plaintiff's interpretation of FHSA and rejected it. Doc. No. 30 at PageID 600. Namely, the Court concluded that Plaintiff's proposed "spontaneous combustion warning" under Ohio law was "designed to protect against the same risk" of fire as FHSA and was therefore preempted under the statute. *Id.* (citing 15 U.S.C. § 1261, note (b)(1)(A)).

In doing so, the Court did not make a clear error. *See Forman*, 387 F.Supp.3d at 796 (noting that a "high standard" applies to motions for reconsideration alleging a clear error); *Lonardo*, 706 F.Supp.2d at 809 (noting that a court commits a clear error when its decision is "dead wrong") (citation omitted). In fact, the Court joined several district courts across the country, each of which reached the same conclusion. *See Cambridge Mut. Fire Ins. Co. v. Rust-Oleum Corp.*, No. 22-12211, 2023 WL 7617984, at *2 (D. Mass. Nov. 14, 2023) ("Spontaneous combustion is not a 'principal hazard' under the FHSA"); *Windsor Oaks Assocs., LP v. Sherwin-Williams Co.*, No. 22-cv-2109, 2024 WL 4682306, at *1 (N.D. Cal. Nov. 4, 2024) ("The FHSA requires warnings about combustibility, and both combustibility and spontaneous combustibility pose the risk of injury by fire"); *Vetter v. Rust-Oleum Corp.*, 1:21-cv-17397, 2023 WL 8890241, at *21 (D.N.J.

Dec. 22, 2023) ("[C]ourts have routinely concluded that spontaneous combustion is not a principal hazard under the FHSA and thus have dismissed failure-to-warn claims on this basis on summary judgment"); *State Farm Gen. Ins. Co. v. Sherwin-Williams Co.*, No. 2:21-cv-220, 2021 WL 4913558, at *3 (C.D. Cal. July 26, 2021) (same).

## IV. CONCLUSION

For the aforementioned reasons, the Court **DENIES** Plaintiff's motion for reconsideration (Doc. No. 31). To clarify, this decision leaves remaining for review Plaintiff's O.R.C. § 2307.75 defective design claim. Discovery shall proceed on this claim.

**IT IS SO ORDERED.**

November 4, 2026

*s/Michael J. Newman*
Hon. Michael J. Newman
United States District Judge